SUMMARY OPINION
LARRY K. LENORA, Chief Justice.
This matter comes on for hearing before the undersigned Chief Justice of the Supreme Court as well as two specially appointed Justices of the Supreme Court, Mark Phelps and Christopher Hamm, both members of the Oklahoma Bar.
The Court has heretofore entertained the Defendant/Appellant’s Motion to Expedite and has sustained the same. The Chief Justice having heard oral argument regarding the necessity for recusal of Justice McClelland and the said Justice McClelland having voluntarily recused, the Court then proceeded to appoint Special Justices for purposes of assembling a quorum to hear this cause.
Both parties, through oral stipulation, requested that the Court proceed to hear this matter at the earliest possible date in order to accommodate the necessities cited in the Defendant/Appellant’s Motion to Expedite. By virtue thereof, upon assembling the Court, rules were suspended to permit proceeding with oral argument upon the merits of the appeal and submission of this cause on said oral arguments only so that the Court can proceed to render a decision instanter or within 48 *523 hours of the conclusion of said oral argument.
The Court then entertained oral argument together with citation of authority by both counsel, whereupon the Court recessed for deliberations and thereafter rendered an oral decision consistent herewith.
The Court specifically declines to reach the constitutional issues addressed by both parties.
The Court declines to prospectively determine whether the Plaintifi/Appellee is eligible to serve in office.
The Court does find that it has jurisdiction under Article 5, Section 6 of the Constitution to review the action of the election board in determining whether or not said election board followed the mandate of the Sac and Fox Nation Election Ordinance adopted by the governing counsel on May 31, 1997.
The Court further finds that it has jurisdiction to issue a writ to the election board under the authority of Article 5, Section 6 of the Constitution.
The Court finds that the service defects, if any, raised by the Defendant/Appellee are de minimis and/or waived.
The Coui't further finds that if the Ap-pellee has any remedy at law, said remedy is not adequate as envisioned by Title 6, Section 1402 of the Tribal Code under the circumstances presented to the Court this date.
The Court further finds that Section 402 of the Sac and Fox Nation Election Ordinance deals with the specific issue raised herein, which is having one’s name placed upon a ballot for election.
The Court further finds that Section 402 of the Sac and Fox Nation Election Ordinance is mandatory and does not give the election board any discretion in placing names on the ballot.
The Court further finds that neither Section 101 nor Section I09(i) of said Ordinance gives the election board the authority to make decisions concerning the placement of names on election ballots.
Based upon all of the above findings, it is the order of the Court that the issuing of the writ by the District Court is affirmed, albeit upon different grounds than cited by the District Court. By virtue thereof, it is the order of the Court that the Plaintiff/Appellant’s name be placed upon the election ballot for the year 1999 elections and that compliance herewith be made by filing a true ballot by Friday, June 25, 1999, at noon, with the Court Clerk of the Supreme Court.
The Court declines to render' any opinion on the challenge period set forth in the Election Ordinance.
The Court further directs that should Plaintifi/Appellee seek to file an application for damages herein, the same should be filed at the District Court level initially for hearing by said Court.
Concurring: Special Justice Mark PHELPS, Special Justice Christopher HAMM.